# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Hon. Joseph H. Rodriguez |
| *Plaintiff*, | : | CRIM NO. 17-00474 |
| v. | : | OPINION |
| RODNEY DAY, | : | |
| *Defendant*. | : | |

This matter comes before the Court on Defendant Rodney Day's (Defendant") *pro se* Motion for Reduction of Sentence under the First Step Act 18 U.S.C. § 3582 (c)(1)(A)(i). [Dkt. 27]. The Court has considered Defendant's submission and, for the reasons stated below, will deny Defendant's Motion.

## I. Background

On November 1, 2017, Defendant pled guilty to one count of interference with commerce by threats or violence under 18 U.S.C. § 1951(a) for armed robbery of three Metro PCS retail stores in New Jersey and Pennsylvania in 2016. [Dkt. 19]. On November 1, 2018, this Court sentenced Defendant to a 100-month term of imprisonment. [Dkt. 22, 23]. Defendant is currently in custody at FCC USP Allenwood in Whitedeer, Pennsylvania. He is thirty-one years old. [*See* Dkt. 27 at 14].

On July 24, 2020, Defendant filed the present motion seeking compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), alleging that the COVID-19 pandemic, his "heart condition," and "major depression disorder" constitute extraordinary and compelling reasons for his release. [Dkt. 27]. Defendant also asks the Court to consider that, if granted

early release, he will be able to care for his children. [*Id.* at 11]. Defendant requested early release from the warden at USP Allenwood, but his request was denied on June 19, 2020. [*Id.* at 8].

## II. Legal Standard

Generally, a district court may not modify a term of imprisonment once it has been imposed, unless the case meets one of the limited exceptions under the First Step Act ("the Act"). Pursuant to the Act, a court may modify an imposed term of imprisonment—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

18 U.S.C. § 3582(c).

The Sentencing Commission issued a policy statement concerning reduction in term of imprisonment under the Act, which provides in part that after considering applicable factors set forth in 18 U.S.C. § 3553(a), "the court may reduce a term of imprisonment if the court determines that—Extraordinary and compelling reasons warrant the reduction . . . the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and the reduction is consistent with this policy statement." U.S.S.G. 1B1.13. As set forth in the policy statement, a defendant's medical condition may qualify as an extraordinary and compelling reason, if the defendant is suffering from a terminal illness or the defendant is,

    (C)  suffering from a serious physical or medical condition,

    (D)  suffering from a serious functional or cognitive impairment, or

    (E) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* Additional circumstances that may qualify include, the age of the defendant, family circumstances, and other reasons. *Id.*

**III. Analysis**

The Court must determine whether extraordinary and compelling reasons justify Defendant Day's release. The Court finds that no extraordinary and compelling reasons exist in this case.

In order to bring a claim for compassionate release, an inmate must first exhaust his administrative remedies by petitioning the Bureau of Prisons ("BOP") for release. 18 U.S.C. § 3582(c)(1)(A). "Thirty days after submitting the request, the defendant may move for compassionate release in the district court, whether the warden denied the request or did not act

3

on it. *United States v. Mims*, No. CR 13-00429 (RBK), 2021 WL 1311036, at *2 (D.N.J. Apr. 8, 2021) (citing *United States v. Raia*, 954 F.3d 594, 595–96 (3d Cir. 2020)). Defendant satisfied this procedural requirement because he applied to the BOP for release, and the warden at Allenwood denied the application.[1] [Dkt. 26-1 at 8–10]. The Court therefore turns to the merits of Defendant's request.

In general, courts evaluating requests for early release due to COVID-19 consider whether a defendant's individual health characteristics and the risk of contracting COVID-19, taken together, present an extraordinary and compelling reason for reducing the defendant's sentence. *See United States v. Hynes*, No. 3:18-CR-00222, 2020 WL 6060984, at *3 (D.N.J. Oct. 14, 2020). Courts are reluctant to grant early release unless "the defendant suffers from a serious condition that increases the likelihood of severe consequences from COVID-19" and "COVID-19 is actually present, usually to a significant degree, in the facility where the prisoner is incarcerated." *United States v. Somerville*, 463 F. Supp. 3d 585, 596 (W.D. Pa. 2020) (collecting cases). When evaluating a defendant's individual health characteristics, courts look to those conditions the CDC has identified as "high-risk" factors. *See, e.g.*, *United States v. Catanzarite*, No. CR 18-0362 (ES), 2020 WL 2786927, at *4 (D.N.J. May 29, 2020); *see also People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 25, 2021) (listing medical conditions that present heightened risk of severe illness from COVID-19).

Here, Defendant claims that he is particularly susceptible to COVID-19 illness because of his "heart condition" and "major depression." [Dkt. 27]. With respect to Defendant's undefined

---

[1] Although Defendant's motion does not identify the date he submitted his request to the BOP, Defendant filed this motion more than thirty days after the warden at Allenwood denied Defendant's administrative request.

4

"heart condition," "general allegations of medical condition[s], without the necessary specificity, are insufficient to establish the rare circumstances that would justify a grant of compassionate release." *United States v. Carazolez*, Crim. No. 18-0081, 2020 WL 5406161, at *4 (D.N.J. Sept. 9, 2020). Defendant's medical records demonstrate that he has a history of heart murmur, but do not state that this is a severe condition. [Dkt. 27 at 17]. Moreover, the CDC does not list heart murmurs among the cardiac conditions that create a heightened risk of COVID-19 illness. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 25, 2021). "Major depression" is also absent from this list. *See id.* Because Defendant does not suffer from one of the CDC's enumerated high-risk health conditions, he fails to demonstrate extraordinary and compelling reasons for release.[2]

The conditions at FCC USP Allenwood similarly do not support Defendant's early release. According to BOP statistics, there are currently no active COVID-19 cases among inmates and staff at this facility. Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/index.jsp (last visited June 24, 2021). Thus, extraordinary and compelling reasons for release do not exist because "Defendant is housed at an institution where the spread of the virus is currently minimal to virtually nonexistent." *United States v. Del Rosario Martinez*, No. 19CR5218-MMA, 2021 WL 956158, at *4 (S.D. Cal. Mar. 10, 2021). Moreover, approximately 1,471 inmates across FCC Allenwood's three facilities have been fully

---

[2] Defendant is only thirty-one years old, which confirms that Defendant is not at an extraordinarily high risk of serious illness due to COVID-19. *See* Ctr. for Disease Control and Prevention, *Risk for Covid-19 Infection, Hospitalization, and Death By Age Group* (updated June 24, 2021), https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-age.html.

inoculated against the COVID-19 virus.[3] This widespread vaccination may reduce the risk of COVID-19 spread and, therefore, reduce the risk that Defendant will contract COVID-19. *See* Ctrs. for Disease Control and Prevention, *COVID-19: COVID-19 Vaccines Work*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (updated May 20, 2021). The BOP's efforts to vaccinate inmates against COVID-19 at Allenwood and elsewhere also suggest that Defendant will have the opportunity to receive a vaccine if he has not done so already. *See United States v. Goston*, No. 15-20694, 2021 WL 872215, at *2 (E.D. Mich. Mar. 9, 2021) (denying compassionate release to defendant with high-risk health conditions because "his access to the COVID-19 vaccine mitigates any extraordinary and compelling reasons that might otherwise justify release.").

Defendant's general concern for his children's wellbeing also fails to establish an extraordinary and compelling reason for release. Normally, family circumstances qualify as extraordinary and compelling reasons in the event of: "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children. The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G § 1B1.13 n.1(C). Defendant's desire to be home with and present for his children is understandable and admirable, but does not meet one of these enumerated factors and therefore does not justify Defendant's release.

In sum, Defendant's health characteristics, his concern for his children, and the COVID-19 conditions at FCC Allenwood do not present extraordinary and compelling reasons for his early release from custody.

---

[3] The BOP has only published vaccination statistics for "FCC Allenwood," but indicates elsewhere that three "Allenwood" facilities exist. *See* Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/index.jsp (last visited June 24, 2021).

## IV. Conclusion

For the reasons discussed above, the Court will deny Defendant's motion without prejudice. An appropriate order will follow.

June 29, 2021                                                    /s/ Joseph H. Rodriguez

                                                                 Hon. Joseph H. Rodriguez, USDJ